**Alfred SMITH, et al., Plaintiffs,**

v.

**NATIONAL DISTILLERS AND CHEMICAL CORPORATION and Joseph E. Seagram & Sons, Inc., Defendants.**

No. 85-2214-TUB.

United States District Court,
W.D. Tennessee, W.D.

Dec. 18, 1989.

Michael Ligon, Memphis, Tenn., for plaintiffs.

Louis F. Allen and Louis Jay Miller, Memphis, Tenn., for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

TURNER, District Judge.

This is an action filed pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* (hereinafter "ERISA"). The plaintiffs are sixteen former employees of both defendants, National Distillers and Chemical Corporation (hereinafter "National") and Joseph E. Seagram & Sons, Inc. (hereinafter "Seagrams"). National sold its Memphis barrel plant where the plaintiffs were employed to Seagrams in June, 1976. Seagrams thereafter hired plaintiffs and other former National employees to work in the Memphis plant. Seagrams operated the plant from August, 1976 until February, 1984, when the plant was shut down and all of the plaintiffs were discharged. A shutdown agreement was entered into between Seagrams and the Cooper International Union of North America, Local No. 90 (hereinafter "plaintiffs' union"). The agreement stated that the plaintiffs would receive all of the vested pension benefits for which they had qualified. The agreement also stated that it was in full satisfaction of all claims of the union and the employees regarding their employment with Seagrams and it provided that Seagrams was released, by the union and the employees it represented, from any claims or obligations arising out of the collective bargaining agreement executed on September 27, 1982.

While in the employ of Seagrams, plaintiffs became members of the pension plan, pursuant to its terms. The plan requires that employees who are members of the plan must meet one of the following requirements in order to qualify for pension benefits under the plan: (1) age 65 for normal retirement; (2) 25 years of continuous service, and age plus years of continuous service must equal at least 80 for special early retirement; (3) age 60 or age 55 with at least 15 years of continuous service or age 50 with 20 such years of service for early retirement; (4) age 45 with 15 years of continuous service or 25 years of continuous service regardless of age for vested retirement; or (5) 10 full years of continuous service for vested termination. At the time of the plant closing, none of the plaintiffs had 10 years of continuous service with Seagrams, nor had any met the minimum age requirements of the plan. Plaintiffs allege in their complaint that the defendants' denial of pension benefits to the plaintiffs is in violation of ERISA. The claims against National were subsequently dismissed by stipulation, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, on November 8, 1985.

Presently before the court is the defendant Seagrams' motion for summary judgment, filed June 28, 1985. It is supported by affidavits. In its motion Seagrams contends that the plaintiffs are not entitled to benefits under its pension plan because

none have met either the minimum age requirement or the minimum continuous service requirement of 10 full years as called for by the plan. The defendant also contends that the plaintiffs have released it from any liability or obligation arising out of the closing of the Memphis plant because of the shutdown agreement entered into by the plaintiffs' union and Seagrams.

■ In their response, the plaintiffs allege that the defendant's failure to credit the plaintiffs with the time they worked for National toward the service requirement under the Seagrams' pension plan is in violation of ERISA.[1] The plaintiffs argue that under Section 3.3 of the Pension Plan for the Employees of Joseph E. Seagram & Sons, Inc. and Subsidiaries, the defendant is required to uniformly administer the plan to all the employees in substantially identical situations. The plaintiffs argue that the defendant has given such credit for past service to employees of Fromm and Sichel, Inc. and Paul Masson, Inc. when Seagrams acquired both corporations and therefore the defendant's actions toward the plaintiffs are arbitrary and capricious and thus in violation of 29 U.S.C. § 1104(a)(1)(B). This section requires trustees of pension plans to act with "care, skill, prudence and diligence." *Id.* The plaintiffs' response, however, is not supported by affidavits as provided in Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) states that when a party fails to respond with an opposing affidavit setting forth "specific facts showing that there is a genuine issue for trial," then, if appropriate, summary judgment will be entered against him. *Fed.R.Civ.P.* 56(e). Since the plaintiffs have failed to file such affidavits, the court must find that the facts set forth in the defendant's affidavits are uncontradicted.

On a motion for summary judgment, the initial burden is on the movant to show that "there is an absence of evidence to support the nonmoving party's case." *Celotex v.*

*Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In the defendant's supplemental affidavit of L.W. Tieman, filed August 18, 1986, it is uncontradicted that the defendant gave credit to the employees of Fromm and Sichel, Inc. and Paul Masson, Inc. when the defendant acquired both corporations. It is also established that the pension plans for each corporation were merged into the Seagrams' plan after acquisition. Sufficient funds were transferred to the Seagrams' plan to fund pension benefits accrued by the new Seagrams employees during their employment with their former employers. (Supplemental Tieman Affidavit, ¶ 4 and 5).

In the plaintiffs' response to the defendant's supplemental brief and affidavit in support of its motion for summary judgment, the plaintiffs argue that the defendant is leaking selective facts supportive of its case that plaintiffs have not had an opportunity to discover due to Magistrate Brown's order which held that Seagrams need not respond to plaintiffs' requests for discovery until this court had ruled on its motion for summary judgment. The court notes, however, that plaintiffs did not appeal Magistrate Brown's order.

■ Courts may review decisions to deny benefits under pension plans governed by ERISA; however, the review is limited to a determination of whether the administration or interpretation of the plan was arbitrary or capricious. *Moore v. Reynolds Metals Co. Retirement Plan,* 740 F.2d 454, 457 (6th Cir.1984), *cert. denied,* 469 U.S. 1109, 105 S.Ct. 786, 83 L.Ed.2d 780 (1985). Trustees may not grant preferences as between participants of a plan or beneficiaries of a plan. *Winpisinger v. Aurora Corp. of Illinois, Precision Casting Div.,* 456 F.Supp. 559, 566 (N.D.Ohio 1978). The basis for this review is 29 U.S.C. § 1104 in which Congress imposed a fiduciary duty on trustees to administer pension plans for the sole benefit

---

1. It now appears implicitly that plaintiffs do not now assert that ERISA requires a successor employer to credit years of service with a predecessor employer where the successor does not

maintain the predecessor's benefit plan. ERISA has no such requirement. *Phillips v. Amoco Oil Co.,* 799 F.2d 1464, 1471 (11th Cir.1986).

of the beneficiaries. *Moore,* 740 F.2d at 457.

In reviewing the denial of pension benefits under the Seagrams' pension plan to the sixteen plaintiffs, this court finds that defendant Seagrams did not act arbitrarily or capriciously when it denied pension benefits to the sixteen plaintiffs. The difference in treatment between the former employees of Fromm and Sichel, Inc. and Paul Masson, Inc. and these plaintiffs is based on the contract negotiations between Seagrams and the acquired corporations. Seagrams acquired whole corporations in those transactions and the pension plans from those acquired corporations were merged into the Seagrams' plan. In the situation at bar, Seagrams only acquired the assets of the Memphis barrel plant from National. The National pension plan was not merged into the Seagrams' plan. The court also notes that the sixteen plaintiffs were given credit by National under its pension plan for their years of service with Seagrams and that they qualified to receive pension benefits under the National plan based on their years with both National and Seagrams. (Boyer Affidavit, ¶ 4, Ex. A; Supplemental Tieman Affidavit, ¶ 3, Ex. B).

This court hereby grants defendant's motion for summary judgment.

IT IS SO ORDERED.